499 So.2d 292 (1986)
STATE of Louisiana
v.
Paul M. McCARTY.
No. KA 86 0393.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*293 Bryan Bush, Dist. Atty., Baton Rouge by Michael Erwin, Asst. Dist. Atty., for plaintiff-appellee.
Dan Scheuremann, Baton Rouge, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Paul M. McCarty (defendant) was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. On the first scheduled day of trial on the merits, defendant withdrew his original plea of not guilty and, pursuant to a plea bargain for a negotiated sentence, pled guilty as charged. Thereafter, defendant expressly waived the three day delay between conviction and sentence (La.C.Cr.P. art. 873) and was sentenced by the trial court to a twelve year term of imprisonment at hard labor to run concurrently with any sentence he was then serving.
Two days after his conviction and sentencing, defendant filed a pro se motion to withdraw his guilty plea. Following denial of that motion, the trial court appointed another counsel to represent defendant. Thereafter, defendant filed a motion to reconsider withdrawal of his guilty plea and/or to recuse the trial judge. After conducting a hearing, the trial court denied the defense motion.
Defendant brings this appeal urging two assignments of error:
1. The trial court erred when it refused to permit defendant to withdraw his guilty plea.
2. The trial court erred when it refused to recuse itself.

ASSIGNMENT OF ERROR NUMBER ONE:
By means of this assignment, defendant contends that the trial court erred when it refused to permit him to withdraw his guilty plea.
Notwithstanding the language of Louisiana Code of Criminal Procedure article 559, which authorizes a court to permit withdrawal of a guilty plea at any time before sentencing, the Louisiana Supreme Court has permitted a constitutionally infirm guilty plea to be set aside after sentencing either by means of appeal or post conviction relief. State v. Hayes, 423 So.2d 1111 (La.1982). The trial judge has authority, when called upon to do so through a recognized procedural vehicle, to determine whether factors present at the time of a guilty plea (whether inside or outside the plea colloquy record) were sufficient to render the plea involuntary or unintelligent. State v. Lewis, 421 So.2d 224 (La.1982).
In the instant case, the trial judge extensively interrogated defendant prior to accepting his plea of guilty. He informed defendant of the various rights he would forego by pleading guilty to the charge and ascertained that defendant fully understood the nature of the sentence negotiated pursuant to his plea bargain. Based upon the record before us, we find that the guilty plea is valid in that it was both voluntary and intelligent.
In brief, defendant relies upon two basic grounds to support his contention that the trial court should have set aside his guilty plea. The first ground is founded on defendant's failure to acknowledge his guilt during the Boykinization.
An express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. Martin, *294 382 So.2d 933 (La.1980).[1] The fact that a defendant believes that he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Alford, 91 S.Ct. at 167. In the instant case, the record before the court contains strong evidence of actual guilt thereby providing a means by which the court could test whether the plea was intelligently entered. See Alford, 91 S.Ct. 160.
During the Boykin examination, defendant declined to acknowledge his guilt. However, the record reveals that, when the instant offense was committed, defendant was under supervised probation derived from convictions for distribution of marijuana and possession of cocaine. Since defendant was accused of committing the instant criminal offense in violation of the conditions of his probation, a revocation hearing was provoked by the state.
At the probation revocation hearing, two police officers testified. Their testimony reveals that neighbors called the police about a suspected burglary of a vacant house. Upon arrival, police saw defendant inside the house. He fled and was apprehended two blocks away. The house had definite signs of forced entry. The rear door had been pried open and glass broken in a window over the kitchen sink. In addition, examination of the interior of the house revealed that in several locations contents of containers had been dumped and items scattered about.
The same trial judge conducted both the probation revocation hearing and the instant Boykin examination. When defendant declined to acknowledge his guilt, the trial judge expressly incorporated testimony elicited during the probation revocation hearing which provided a factual basis for the instant plea.
By his second contention, defendant, in essence, urges that his plea was not voluntarily made but, rather, was induced by his perception that the assistant public defender, then assigned to his case, was unprepared to defend his interests at trial on the merits.
At the hearing on the motion to withdraw his guilty plea, defendant remarked that he reached this conclusion because his appointed counsel did not discuss a defense strategy with him or ask him for his account of the incident immediately prior to the scheduled trial on the merits. As the trial judge noted, defense counsel was familiar with the state's case against defendant, and with defendant's allegations of innocence, as he too had participated in the probation revocation hearing. Moreover, the circumstances surrounding negotiation of defendant's plea bargain are revealed in an entirely different light when a letter of record from defendant to his currently appointed counsel is examined.
In pertinent part, defendant reported:
I did not want to plead guilty so I told Mitchell [the assistant public defender assigned to his case] to take me to trial. (Partly because I knew the D.A. would come back with one final deal that would be better.) And that is exactly what they did. (It pays to know how to negotiate I realized.) As I went off to change clothes (I could not wear prison garb at trial) Mitchell came back with another deal. 12 years [concurrent] with the ten years [he was then serving]; no habitual [offender bill would be filed] but new charges would be pursued. Then he told me (as I understood) that I had five days to retract my guilty plea. I reluctantly agreed out of fear of the Habitual [Offender] act.
We note that defendant did not call the attorney who represented him during these negotiations to testify at the hearing on his motion. Defendant did not request an evidentiary *295 hearing at the time nor does he now assert what evidence he could present at a hearing which would possibly alter the correctness of the trial judge's decision.
There was no showing that defendant's representation fell below the range of competency demanded of attorneys in criminal cases. In choosing between two unpleasant options, defendant chose to minimize his penalty exposure by entering a guilty plea. An otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged. State v. Compton, 367 So.2d 844 (La.1979). Defendant's guilty plea was the result of an informed decision that this was his best course of action under the existing circumstances. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO:
By means of this assignment, defendant urges error in the denial of his motion for recusal of the trial judge and in the failure to refer that motion to another judge for hearing.
In the instant case, defendant grounded his motion on the assertion that matters related to the instant conviction should be considered by another trial judge "unburdened with a possible perception on the part of the defendant and/or the public that (he) is impartial (sic)."
Initially we note that Louisiana Code of Criminal Procedure article 674 requires a motion for recusal to be filed prior to commencement of trial unless the party discovers the facts constituting the ground for recusal after the trial begins. State v. Manning, 380 So.2d 54 (La.1980). Since defendant has failed to present any factual basis for the relief sought, timeliness of the motion is doubtful.
It is well settled that a trial judge is presumed to be impartial. For an accused to be entitled to the recusation of a trial judge on the grounds of bias, prejudice and personal interest, such bias, prejudice and personal interest must be of a substantial nature based on more than mere conclusory allegations. La.C.Cr.P. art. 671; State v. Edwards, 420 So.2d 663 (La.1982). The instant allegation that defendant perceived that the trial judge was not impartial does not warrant recusation. Such a claim is merely conclusory and does not present any factual basis for the motion. See State v. Gordy, 380 So.2d 1347 (La.1980). Therefore, defendant's motion to recuse failed to present factual allegations that would, if proved, amount to substantial bias or prejudice on the part of the trial judge.
Moreover, since the motion for recusal did not set forth allegations of fact which state a statutory cause for recusation, the trial judge was not required to refer the motion to another judge for hearing. See State v. Beavers, 394 So.2d 1218 (La.1981).
For the foregoing reasons, this assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Overruled in part on other grounds by State v. Williams, 392 So.2d 448 (La.1980).