506 So.2d 930 (1987)
STATE of Louisiana
v.
Morgan PITRE.
No. KA 86 0844.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Writ Denied June 19, 1987.
*931 Walter Naquin, Jr., Asst. Dist. Atty., Thibodaux, for plaintiff-appellee, State.
John Wilson Reed, New Orleans, for defendant-appellant, Morgan Pitre.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Morgan Pitre was separately indicted by the grand jury of Lafourche Parish for first degree murder of Della Pitre and attempted first degree murder of Isabel Guidry. He pled not guilty and not guilty by reason of insanity to each charge. Pursuant to a plea bargain, the indictments were amended; and defendant withdrew his former pleas and entered a plea of guilty to manslaughter (LSA-R.S. 14:31) and a plea of nolo contendere to attempted second degree murder (LSA-R.S. 14:30.1; 14:27). Prior to sentencing, defendant moved to withdraw his plea to the attempted second degree murder charge only. That motion was denied. Immediately thereafter, the trial court sentenced defendant to a term of twenty-one years imprisonment at hard labor on the manslaughter conviction and to a concurrent thirty-five years for the attempted second degree murder conviction.
Defendant appeals only the attempted second degree murder conviction and sentence. He urges three assignments of error:
(1) The trial court erred by denying defendant's motion to withdraw the plea of nolo contendere to the charge of attempted second degree murder.
(2) The trial court erred by denying defendant's motion to continue the sentencing.
(3) The trial court erred by imposing an excessive, illegal sentence.
Assignment of error number two is not briefed and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
On March 7, 1984, defendant fatally wounded his ex-wife, Della Pitre, and seriously injured Ms. Pitre's sister, Isabel Guidry. The incident occurred at the home of Ms. Guidry in Galliano, Louisiana.
After leaving the Guidry home, defendant surrendered to officers of the Lafourche Parish Sheriff's Department. Deputy Louis Ordoyne testified at the motion to suppress that defendant reported to the sheriff's office with blood on his hands and stated, "I killed my wife and sister-in-law."
The autopsy report reveals that Ms. Pitre suffered three gunshot wounds and sixteen stab wounds. She also exhibited multiple lacerations and abrasions of the scalp and face and a skull fracture. Ms. Guidry was shot twice on the left side of her face.
Law enforcement officers recovered the weapons utilized by defendant. Pursuant to a search warrant, the officers found two guns in the cab of defendant's pickup truck. A kitchen knife, which the coroner opined caused all stab wounds, was lodged in Ms. Pitre's chest.

ASSIGNMENT OF ERROR NUMBER ONE (NUMBER TWO IN BRIEF):
Defendant contends that the trial court erred by not allowing him to withdraw his plea of nolo contendere prior to sentencing.
Louisiana Code of Criminal Procedure article 559 provides that the court may permit a guilty plea to be withdrawn at any time before sentencing. Discretion to permit withdrawal of a guilty plea is vested in *932 the trial court. However, that discretion cannot be exercised arbitrarily, and abuses of discretion can be corrected on appeal. State v. Bourgeois, 406 So.2d 550 (La. 1981). Based on the facts of this case, the trial court's denial of the motion to withdraw the plea of nolo contendere was not an abuse of discretion.
Defendant grounded this motion on an affidavit executed by Isabel Guidry in conjunction with settlement of a civil suit filed by her against defendant and his homeowner's insurance carrier. The affidavit, in pertinent part, provided:
She [Isabel Guidry] is plaintiff herein and was shot twice by Morgan Pitre on or about March 7, 1984. However, she considered Morgan Pitre to be a friend of long standing and there had never been any arguments or bad feelings between Morgan Pitre and her. Furthermore, she believes that Morgan Pitre had no reason to shoot her and that he did not intend to shoot or harm her at the time he shot and killed his ex-wife, Della Pitre.
Based on this affidavit, defendant urged that he has an excellent defense to the attempted murder charge. He opined that he could successfully impeach Ms. Guidry's otherwise consistent allegations that he intentionally shot her. Further, defendant contended he would not have entered into the plea bargain had he known that Ms. Guidry would eventually execute such an affidavit.
In denying the motion, the trial court placed little weight on the affidavit submitted by defendant. The trial court indicated satisfaction that defendant pled nolo contendere knowingly, intelligently, and voluntarily after an extensive Boykin examination. In addition, the plea bargain offered defendant was a "package deal" which required that he plead to both charges to avoid a possible capital sentence on the first degree murder charge.
In brief, defendant argues that, by his plea of nolo contendere, he never admitted guilt to the attempted murder of Ms. Guidry. In addition, he contends that the trial court's ruling should be reversed because he only entered into the plea bargain from fear of the penalty exposure on the first degree murder charge.
A plea of nolo contendere is simply a device by which a defendant may assert that he does not want to contest the issue of guilt or innocence. When a nolo contendere plea is accepted, it has essentially the same effect in that case as a guilty plea. See State v. Miller, 495 So.2d 422 (La. App.3d Cir.1986); State v. Brown, 490 So.2d 601 (La.App.2d Cir.1986).
Moreover, an express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. Martin, 382 So.2d 933 (La.1980).[1] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). In the instant case, the record before the court contains strong evidence of actual guilt, thereby providing a means by which the court could test whether or not the plea was intelligently entered.
There is no argument by defendant that the plea was not knowingly and voluntarily made. Further, he does not argue that the state breached the plea bargain agreement, although he wishes to do so. Defendant wants to invalidate only what he perceives as the least attractive aspect of that bargain agreement. However, in choosing between unpleasant options, defendant chose to minimize his total penalty exposure by entering into a "package deal".
An otherwise valid plea is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crimes charged. State v. Compton, 367 So.2d 844 (La.1979). Defendant's nolo contendere plea to attempted murder was the result of an informed decision that this was the best course of action under the *933 existing circumstances. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE (NUMBER ONE IN BRIEF):
Defendant contends that the trial court erred by imposing an excessive sentence in total disregard of the Louisiana Code of Criminal Procedure article 894.1 guidelines.
Defendant pled nolo contendere to attempted second degree murder pursuant to a plea bargain. Although the bargain did not provide for an exact sentence, defendant was advised that he would be subject to a maximum sentence of thirty-five years at hard labor. The penalty actually imposed was the maximum allowed under the plea bargain.
Review of the record indicates that the trial court ordered a presentence investigation report. It also afforded defendant an opportunity to present mitigating facts through a detailed letter submitted by his retained counsel and letters from various members of the community. In pronouncing sentence, the trial court noted that it had considered all materials submitted and the entire record of the proceedings.
However, in sentencing Pitre, the trial court did not provide a factual basis for the length of the sentence imposed. Even in the absence of adequate compliance with the mandate of Louisiana Code of Criminal Procedure article 894.1, it is not necessary for this court to remand the matter for resentencing in compliance with that article when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. See State v. Davis, 448 So.2d 645 (La.1984).
In those cases in which the Louisiana Supreme Court has vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, the action was not prompted simply by the sentencing court's failure to give its reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented, there appeared to be a substantial possibility that defendant's complaints of excessive sentence had merit. State v. Wimberly, 414 So.2d 666 (La.1982). Because Pitre's sentence is not apparently severe, we cannot find that the trial court abused its wide discretion.
The record reveals that there were no substantial mitigating factors evident, other than the facts that defendant is now sixty years old and is a first felony offender. While not controlling, it is also relevant that the state agreed to reduce the instant charges. When a defendant plea bargains, the court may consider the fact that sentences imposed are vastly less severe than sentences faced under the original charges. See State v. Smack, 425 So.2d 737 (La.1983).
Defendant's attack on his ex-wife and her sister were brutally violent. We cannot say that the sentence imposed is excessive under the circumstances.
Accordingly, this assignment of error lacks merit.
For the foregoing reasons the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Overruled in part on other grounds by State v. Williams, 392 So.2d 448 (La.1980).