537 So.2d 310 (1988)
STATE of Louisiana
v.
Roger MILLER.
No. KA 88 0439.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
John M. Bemiss, Jr., Asst. Indigent Defender, Port Allen, C.J. D'Aquila, Chief Indigent Defender, New Roads, for defendant, Roger Miller.
C.H. Dameron, Asst. Dist. Atty., Baton Rouge, Joseph W. Cole, Jr., T. Barry Wilkinson, Asst. Dist. Attys., Port Allen, for the State.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Roger Allen Miller was charged by grand jury indictment with a violation of LSA-R. S. 14:30.1,[1] second degree murder. He pled *311 not guilty, was tried by jury on May 8-11 and 15, 1978, and was found guilty as charged. On July 21, 1978, the trial court granted defendant's motion for new trial. On September 26, 1978, during an aborted Boykin hearing, the trial court refused to accept defendant's plea of guilty to a reduced charge of manslaughter. Thereafter, following a second jury trial held on October 2-5, 1978, defendant was found guilty of second degree murder. Through this out-of-time appeal, defendant urges two assignments of error. Defendant has briefed only assignment of error number one and assignment of error number two is considered abandoned.[2] Defendant complains that the trial court erred by refusing to accept his September 26, 1978 plea of guilty to a reduced charge of manslaughter.
The record reflects that at a proceeding held before the trial court on September 26, 1978, the prosecutor, with the concurrence of defense counsel, informed the court that defendant desired to enter a plea of guilty to the charge of manslaughter and that the state was agreeable to such a plea. The trial court then proceeded to conduct a Boykin hearing in regard to the plea.
The record reflects that defendant desired and was permitted by the trial court to state his version of the facts concerning the instant offense. Defendant's account of the facts was as follows. On May 4, 1977 defendant was at the Twilight Lounge in West Baton Rouge Parish. Defendant exited the lounge and saw the victim leaving the lounge. Defendant asked the victim for a ride home, and the victim agreed to take defendant home. On the way home, the victim and defendant smoked a "joint of pot." Thereafter, the victim asked defendant to smoke another "joint." Defendant, who had gotten a "little bit loaded" from the "pot," agreed to do so. Defendant and the victim drove up to the levee near defendant's home, where they finished smoking the "pot." Defendant began to argue about turning the victim's car around. The victim reached beneath the car seat and pulled out a gun. Defendant got scared, and he and the victim started struggling over the gun. During the ensuing struggle, while both had their hands on the gun, the gun discharged approximately three times. One of the bullets struck defendant in the left hand; and, apparently thereafter, the victim was shot in the arm and head. Defendant was trying to protect himself and surmised that the victim was trying to protect himself too.
Following defendant's rendition of the facts as set forth above, the trial court recessed the Boykin hearing. Upon resumption of the hearing, the trial court ruled that on the basis of defendant's statement of the facts it could not accept defendant's guilty plea. The judge ordered defendant held over for trial.
Citing State v. Godejohn, 425 So.2d 750 (La.1983), the defendant maintains that, if a plea is freely and voluntarily entered and the defendant understands the plea, the court should accept the plea, even though the defendant denies he committed the offense. Defendant's reliance on Godejohn, however, is misplaced. Godejohn did not involve the circumstance presented in this case, i.e., a defendant's claimed innocence. The Godejohn decision is limited to the court's holding that the colloquy which occurs at a plea proceeding is part of the appellate record for purposes of a review for errors patent and that, if upon review of the colloquy, a determination is made that the trial court failed to advise the accused of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), such a failure is recognizable as error patent.
*312 Nonetheless, an express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. McCarty, 499 So.2d 292, 293 (La. App. 1st Cir.1986), cert. denied, 505 So.2d 56 (La.1987). The fact that a defendant believes he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
In Alford, the defendant had been indicted for first-degree murder. Faced with strong evidence of guilt and no substantial evidentiary support of his innocence, the defendant entered a plea of guilty to a reduced charge of second-degree murder. Although the defendant denied he committed the offense, he stated to the trial court that he was pleading guilty and indicated that he was doing so to avoid the death penalty for first-degree murder. The trial court accepted the defendant's guilty plea and imposed sentence. On appeal, the United States Supreme Court held that the trial court did not err in accepting the plea in view of the strong factual basis for the plea and the defendant's clearly expressed desire to enter the plea despite his professed belief in his innocence. 91 S.Ct. at 167-168. Additionally, however, the Alford court went on to state the following:
Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. [Emphasis added] [Citations omitted]
91 S.Ct. at 168, n. 11.
The defendant has no absolute right to have his guilty plea accepted by the trial court. The trial court's refusal to accept defendant's guilty plea in this case was clearly within the court's discretion. See United States v. Del Prado-Montero, 740 F.2d 113, 115 (1st Cir.1984), cert. denied, 469 U.S. 1021, 105 S.Ct. 441, 83 L.Ed. 2d 366 (1984); 469 U.S. 1042, 105 S.Ct. 527, 83 L.Ed.2d 415 (1984); 469 U.S. 1164, 105 S.Ct. 924, 83 L.Ed.2d 936 (1985). Compare State v. Rivers, 444 So.2d 1384, 1388-89 (La.App. 3d Cir.1984).
This assignment lacks merit and the decision of the trial court is hereby affirmed.
AFFIRMED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I agree with this opinion as it correctly relies upon the North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (La.1970), holding that a defendant does not have an absolute right under the United States Constitution to have his guilty plea accepted by the court. I write, however, because this case illustrates the difficult problem confronting trial courts when a defendant maintains his innocence during a change-of-plea or Boykin hearing. Here the defendant, while testifying, at his change-of-plea hearing,[1] presented a justifiable homicide scenario, and the trial court quite correctly reacted cautiously. After a recess, the court stated that it did not "feel that it could accept a plea in this case because of the facts stated by the accused[;] therefore, he will be held for trial...." In such a situation, Alford is helpful because the Supreme Court concluded that if "a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt," the trial court does not commit constitutional error in accepting it, even though the plea contains a protestation of innocence.
Here, defendant was found guilty of second degree murder on May 15, 1978. The original trial judge granted a new trial, *313 however, because of a procedural error made in connection with excusing a juror. Defendant was facing a new trial for second degree murder which was set to begin on October 2, 1978, when he, along with his counsel and the assistant district attorney met in open court on defendant's change-of-plea motion on September 26, 1978. The trial court[2] refused to accept the plea, the second trial began on October 2, and defendant was again found guilty of second degree murder.
If defendant intended to enter a valid Alford-type plea, an intelligent plea along with a showing of actual guilt had to be made. Since defendant maintained his innocence, such a showing was not made and he was beyond help.
I respectfully concur.
NOTES
[1] The provisions of LSA-R.S. 14:30.1 as amended by Act 657 § 2 of 1976, i.e., the law in effect at the time of the commission of the instant offense, provided as follows:

Second degree murder is the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill.
Whoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation, or suspension of sentence of a period of forty years.
[2] Defendant's assignment of error number two alleged, that the jury's verdict is contrary to the law and the evidence. However, because assignment of error number two was not briefed on appeal, it is, therefore, considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
[1] The record reflects that on September 26, 1978, defendant and his attorneys, along with assistant district attorney, appeared in open court and advised the court that defendant, who was charged with second degree murder, wished to enter a plea of guilty to the charge of manslaughter. The state represented that such a plea was agreeable.
[2] A new judge heard this motion and presided over the second trial.