584 So.2d 1252 (1991)
STATE of Louisiana
v.
Anthony W. POWELL.
No. 23468-KH.
Court of Appeal of Louisiana, Second Circuit.
August 29, 1991.
Anthony W. Powell, in pro. per.
Don M. Burkett, Dist. Atty., Mansfield, for appellee.
Before SEXTON, HIGHTOWER and STEWART, JJ.

*1253 ORDER

WRIT GRANTED AND MADE PEREMPTORY.
In this post-conviction relief application, one of applicant's contentions in which we find merit is that his guilty plea is constitutionally infirm.
The plea colloquy indicates that the applicant denied committing the offense to which he was charged, although he did indicate a willingness to plead guilty, nevertheless.
When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused asserts his innocence or for some other reason the trial judge is put on notice that there is a need for such an inquiry. In such a circumstance, as occurred here, due process requires a judicial finding of a significant factual basis for the defendant's plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Banks v. McGougan, 717 F.2d 186 (5th Cir.1983); Willett v. Georgia, 608 F.2d 538 (5th Cir.1979). Such did not occur in the instant case.
The applicant's guilty plea is therefore set aside, and the cause is remanded to the trial court for further proceedings. This disposition alleviates the necessity to consider the applicant's other contentions.