600 So.2d 113 (1992)
STATE of Louisiana, Appellee,
v.
Robert E. LINEAR, Appellant.
No. 23704-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*114 J. Gregory Caver, Bossier City, for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Randall Smith, Whitley R. Graves, Asst. Dist. Atty., for appellee.
Before LINDSAY, HIGHTOWER and STEWART, JJ.
LINDSAY, Judge.
The defendant, Robert E. Linear, was originally charged with armed robbery, in violation of LSA-R.S. 14:64, and attempted second degree murder, in violation of LSA-R.S. 14:27 and 14:30.1. Pursuant to a plea bargain, he entered a plea to the charge of attempted second degree murder without an admission of guilt under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The armed robbery charge and an unrelated forgery charge were dismissed. The trial court sentenced the defendant to imprisonment at hard labor for 25 years. On our own motion, we observe that the Boykin colloquy lacks a significant factual basis for the defendant's plea. Therefore, we remand the case for further proceedings to determine if the plea was voluntarily entered under the standards of North Carolina v. Alford, supra.

FACTS[1]
On December 10, 1990, the defendant went to Ervin Keefover's Auto Parts Store in Plain Dealing to purchase some spark plugs. At that time, Mr. Keefover accused the defendant of stealing some tools and ordered him to leave the premises and not return.
However, the defendant returned to the store the next afternoon to talk to Mr. Keefover about the theft accusation. According to the defendant's two statements to the police, Mr. Keefover reached into his pocket for a small knife. In his statements, the defendant admitted that during the confrontation which ensued, he picked up a piece of brick and struck Mr. Keefover in the head four times. However, he claimed that his actions were in response to the victim's aggression. Mr. Keefover fell to his knees, crying. The defendant then took the victim's wallet, which contained about $300.
Upon leaving the auto parts store, the defendant tossed the brick into some bushes. Subsequently, after removing the money, the defendant threw the wallet in the Red River.
A bill of information was filed charging the defendant with armed robbery and attempted second degree murder. Thereafter, *115 the defendant entered a plea to the charge of attempted second degree murder under North Carolina v. Alford, supra. Under the terms of the plea bargain, the armed robbery charge and an unrelated charge of forgery were dismissed. During the colloquy with the trial court, the defendant admitted striking the victim twice with a piece of brick. However, he asserted that he acted in self-defense. He also denied that he knocked the victim down or that he intended to injure or kill him. The defendant maintained that when he left the store the victim was still standing and was bleeding only slightly. He also denied taking the victim's wallet. Nonetheless, the trial court accepted the plea.
Subsequently, the trial court sentenced the defendant to serve 25 years at hard labor. It also directed that this sentence be served concurrently with the defendant's sentence for an unrelated simple burglary.

DISCUSSION
The defendant appealed, claiming excessiveness of sentence. However, we pretermit consideration of this assignment of error. Although the defendant did not raise this issue on appeal, we notice on our own motion that the defendant's statements at the Boykin hearing alerted the trial court to the need for ascertaining a significant factual basis for the defendant's plea.
When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. Alford, supra; Banks v. McGougan, 717 F.2d 186 (5th Cir.1983); Willett v. Georgia, 608 F.2d 538 (5th Cir.1979); State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991).
An express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. McCarty, 499 So.2d 292 (La.App. 1st Cir. 1986), writ denied, 505 So.2d 56 (La.1987); State v. Miller, 537 So.2d 310 (La.App. 1st Cir.1988). The fact that a defendant believes that he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. Alford, supra; McCarty, supra; Miller, supra. The presence of significant evidence of actual guilt provides a means by which the court may test whether a plea was intelligently entered. McCarty, supra; State v. Pitre, 506 So.2d 930 (La.App. 1st Cir.1987), writ denied, 508 So.2d 87 (La. 1987). However, it should be noted that a defendant has no absolute right to have his guilty plea accepted by the trial court. Miller, supra.
In the instant case, the trial court first explained to the defendant his Boykin rights and instructed the district attorney to recite the factual basis for the guilty plea. At the conclusion of this recitation, the trial court asked the defendant if the facts were correct. The defendant said they were not, and the trial court allowed him to tell his version of the facts. While the defendant did not affirmatively state that he was innocent of the offense to which he was pleading, he basically asserted that he had not intended to kill the victim and that he had acted in self-defense.
The following exchange occurred during the colloquy between the trial judge and the defendant:
THE COURT: Are you telling me that you admit that you struck Mr. Keefover with some type of inanimate object? By that, I mean something other than your hands.
MR. LINEAR: Yes.
THE COURT: All right. What was it you had?
MR. LINEAR: Outside his door when he come at me he had a little piece of brick and I hit him with it to keep him back
THE COURT: You hit him with a piece of brick?
MR. LINEAR: Yes.
....

*116 THE COURT: .... Did youyou've said you struck him two times, were both of the times in the head?
MR. LINEAR: Yes.
THE COURT: Was it your intent when you struck him to injure him in some form or fashion?
MR. LINEAR: No, sir.
In addition to the claim of self-defense, the defendant's testimony also raised questions of fact as to whether he had the specific intent to kill the victim. At best, the defendant's statements at the Boykin hearing only demonstrated an intent to inflict great bodily harm. However, attempted second degree murder requires a specific intent to kill; the specific intent to inflict great bodily harm is insufficient. State v. Carter, 559 So.2d 539 (La.App. 2d Cir. 1990); State v. Ball, 554 So.2d 114 (La. App. 2d Cir.1989).
The defendant's statements were sufficient to place the trial court on notice that a judicial finding of a significant factual basis for the plea was required. Our examination of the Boykin transcript demonstrates that the trial court was obviously concerned by the defendant's denial of key facts and his assertion of self-defense. However, the court heard no testimony other than the defendant's statements, and no evidence was taken. Also, the trial judge's comments do not demonstrate a familiarity with the defendant's statements to the police. (Copies of these statements are found in the appellate record only as attachments to the state's response to discovery.) Nor were there any references to statements made by the victim or pertaining to the victim's condition from which the trial court could have properly determined that the defendant had the specific intent to kill when the incident occurred. Nonetheless, the trial judge stated that he thought the defendant had admitted enough of the facts for the plea to be accepted.
However, we find that the Boykin proceedings lack a significant factual basis supporting the plea to attempted second degree murder as required by Alford, 91 S.Ct. at 167-168. Since the defendant's statements placed the trial court on notice as to this deficiency, a judicial finding of a significant factual basis was required. See and compare McCarty, supra, wherein the trial court expressly incorporated testimony from that defendant's probation revocation hearing (which was based upon the same conduct involved in the guilty plea and held before the same judge) to provide a factual basis for the plea.
In the present case, the factual basis for the plea might have been established through the incorporation of the contents of the defendant's statements to the police, the victim's statements to the police, or the testimony taken at the preliminary examination before another judge.[2] The trial court could have also conducted an evidentiary hearing on the issue.
For the abovementioned reasons, we remand the case to the trial court for further proceedings and an additional Boykin hearing to ascertain whether there is a significant factual basis for the plea to attempted second degree murder, and whether the plea was free and voluntary under the principles of Alford, supra.

CONCLUSION
This case is remanded for further proceedings consistent with this opinion.
REMANDED FOR FURTHER PROCEEDINGS.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I completely agree that the case should be remanded for further exploration of the plea. However, despite our language in the Powell writ grant, I harbor a degree of reservation concerning the standard of validity by which the opinion indicates such pleas should be tested. A reexamination of Alford, containing repeated references to the strong, overwhelming evidence existing *117 there, suggests that guilty pleas coupled with claims of innocence should not be accepted unless the record before the judge contains substantial evidence of actual guilt. Such an approach would demand more than a "significant" basis for the plea, and would delineate for even very busy courts another touchstone of caution for protecting the innocent.
NOTES
[1] The recitation of the facts is based upon the defendant's statements to the police. However, the colloquy at the defendant's Boykin hearing indicates that the trial judge did not have access to these statements before he accepted the plea.
[2] Although the minutes omit the name of the district court judge before whom the preliminary examination was held, the Bossier Clerk of Court's office informed this court that it was Judge Cecil Campbell.