619 So.2d 648 (1993)
STATE of Louisiana, Appellee,
v.
Michael Dean JORDAN, Appellant.
No. 24442-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
*649 Steven R. Thomas, W. Charles Brown, Public Defenders Office, for appellant.
Richard Ieyoub, Atty. Gen., Don M. Burkett, Dist. Atty., Charles B. Adams, Asst. Dist. Atty., for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
MARVIN, Chief Judge.
After being indicted for the first degree murder of Charles Downs, the assistant chief of police of Logansport, the defendant, Michael Dean Jordan, was allowed to enter an Alford plea to the attempt of that crime and was sentenced to 30 years at hard labor, notwithstanding Jordan's protest of his innocence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
To support an Alford plea, constitutional due process requires the trial court record to contain "strong evidence of actual guilt" or, as this court has paraphrased Alford, "a significant [substantial] factual basis" for the plea. State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991); State v. Linear, 600 So.2d 113 (La.App. 2d Cir. 1992), J. Hightower concurring.
Our error patent review discloses that record does not contain the "strong evidence or the significant [substantial] factual evidence of guilt" of the element of specific intent to kill which is required to convict of the crime of attempted first degree murder. It is not legally permissible to define that element in the disjunctive, specific intent to kill or inflict great bodily harm, as the trial court did at the Boykin hearing. State v. Odom, 511 So.2d 1214, 1217 (La.App. 2d Cir.1987), writ denied; State in the Interest of Hickerson, 411 So.2d 585, 587 (La.App. 1st Cir.1982), writ denied. See also State v. Jarman, 445 So.2d 1184 (La.1984).
At the Boykin hearing the prosecutor noted that "there is an issue as to whether [victim] told the defendant he was under arrest or not." In written reasons for sentence, the trial court first noted that how the homicide "occurred ... is in controversy" and that some testimony "is apparently reliable and some is not." With respect to the specific intent element, the court concluded:
"The defendant knew that his actions could cause serious injury to the officer. There is no evidence that the defendant's actions were intended to cause either serious injury or death to the victim in this case."
Without strong evidence of actual guilt in the record, the plea to attempted first degree murder must be declared not to be intelligent, and involuntary. See Linear, supra; State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied. We remand to allow the State an opportunity to cure this deficiency. Linear, supra. If the deficiency is not cured at a further Boykin hearing, the trial court is directed to set aside the plea and thereafter proceed according to law.

*650 DECREE
This appeal is held in abeyance pending further Boykinization.
The trial court shall conduct a further Boykin hearing within 30 days after this opinion becomes final and shall render its ruling within 10 days after the hearing is completed, submitting to this court a certified copy of its ruling for inclusion in the appellate record. If the trial court upholds the plea after a further Boykin hearing, the appellate record shall be supplemented with a record of the proceedings below and further appellate briefing shall be required. If the trial court sets aside the plea the appeal shall be dismissed as moot.
REMANDED with instructions.