615 So.2d 26 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Wanetta Jo McCULLOUGH, Defendant-Appellant.
No. 92-834.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*27 Glennon P. Everett, Crowley, for State of La.
Charles Stroud Makar, Baton Rouge, for Wanetta Jo McCullough.
Before STOKER, THIBODEAUX and COOKS, JJ.
THIBODEAUX, Judge.
On January 5, 1991, defendant, Wanetta Jo McCullough, was arrested and charged by bills of information with one count of possession with intent to distribute marijuana "within three hundred feet" [sic] of school property, LSA-R.S. 40:966 and LSA-R.S. 40:981.3, one count of distribution of LSD, LSA-R.S. 40:966, and one count of distribution of Valium, LSA-R.S. 40:969. Defendant waived formal arraignment and entered a plea of not guilty to the charge of possession with intent to distribute marijuana within a school zone as defined in LSA-R.S. 40:981.3. On November 19, 1991, the other charges were amended to possession with intent to distribute LSD and marijuana. The defendant thereafter waived formal reading of all charges, withdrew her previous pleas of not guilty, and pled guilty to all charges. Defendant was advised of the rights she had waived and thereafter signed the standard Plea of Guilty and Waiver of Rights forms.
On April 6, 1992, defendant was sentenced to five years at hard labor on each count. On the possession with intent to distribute marijuana, the sentence was to be served without the benefit of parole, probation or suspension of sentence because of the requirements under LSA-R.S. 40:981.3. All sentences were to run concurrently with each other.
Defendant now appeals her sentence and conviction, alleging that there is no factual basis in the record to support a guilty plea to a violation of LSA-R.S. 40:981.3 and the trial court erred in determining that she was not eligible for parole, probation, or suspension of sentence. These two assignments of error will be discussed together since both assignments concern Ms. McCullough's allegation that there was no factual basis in the record for finding a violation of LSA-R.S. 40:981.3; therefore, she should have been eligible for parole, probation or suspension of sentence.
LSA-R.S. 40:981.3 provides in pertinent part:
A. Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus shall, upon conviction, be punished in accordance with Subsection E.
* * * * * *

*28 E(1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.
Defendant contends that a significant factual basis for finding guilt must appear during the "Boykin" colloquy, State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992), or some other evidentiary hearing. State v. McCarty, 499 So.2d 292 (La.App. 1st Cir. 1986).
Both of these cases can be distinguished from the instant case. In Linear, supra, the defendant's statements at the Boykin hearing put the trial court on notice that there was a need to ascertain a factual basis for the guilty plea to determine if the plea was voluntarily entered under the standards of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In McCarty, supra, the defendant declined to acknowledge his guilt during the Boykin examination.
When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for the plea unless the accused protests his guilt or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. Alford, supra; Linear, supra. However, the absence of a factual basis when entering a guilty plea does not render the plea constitutionally infirm, if the plea is determined to be made knowingly and intelligently. State v. Perry, 515 So.2d 654 (La.App. 3d Cir.1987).
In the present case, the defendant pled guilty to the charge in the bill of information, LSA-R.S. 40:981.3. Both defendant and her attorney signed a Plea of Guilty and Waiver of Rights form which advised defendant of the charge.[1] Furthermore, during sentencing, the trial judge reiterated the fact that defendant was charged with possession with intent to distribute marijuana "within three hundred feet of a school." [sic]. Neither defendant nor her attorney objected to this fact. At no time did the defendant put the trial court on notice that her plea was not voluntarily entered. Guilty pleas normally act as a waiver of all nonjurisdictional pre-plea defects that are not reserved, including insufficiency of evidence. State v. Fontenot, 535 So.2d 433 (La.App. 3d Cir.1988); State v. Crosby, 338 So.2d 584 (La.1976). "A guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction leaving nothing remaining but to give judgment and determine punishment." State v. Swanson, 439 So.2d 646, 647 (La.App. 1st Cir.1983). These assignments lack merit. The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Plea of Guilty and Waiver of Rights form misstated the penalty. Rather than the first conviction being

"... punished by the imposition of the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through 40:970," the penalty provision contained in LSA-R.S. 40:981.3 E(1) provides:
E(1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970.