MARVIN, Chief Judge.
Being charged with two counts of molestation of his step-granddaughter (LRS 14:81.2) and yet protesting his innocence, Romano was allowed to enter an Alford plea to attempted sexual battery. LRS 14:27, 14:43.1. *767 He appeals, as excessive, his sentence to 28-months at hard labor. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
Because the record of the guilty plea proceedings does not contain the required factual basis for Romano’s plea as required by Alford and its progeny, we pretermit consideration of the excessive sentence claim, conditionally vacate the plea, and remand the case for further proceedings. A strong, or significant, or substantial, factual basis is required for a valid Alford plea.
ALFORD PLEA
An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. Alford, supra.
An express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. Pitre, 506 So.2d 930 (La.App. 1st Cir.1987), writ denied. The fact that a defendant believes he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. State v. Linear, 600 So.2d 113 (La.App. 2d Cir.1992).
To support an Alford plea, however, constitutional due process requires the trial court record to contain “strong evidence of actual guilt” or, as this court has paraphrased Alford, “a significant [substantial] factual basis” for the plea. State v. Jordan, 619 So.2d 648 (La.App. 2d Cir.1993), citing Linear, supra, and State v. Powell, 584 So.2d 1252 (La.App. 2d Cir.1991).
The record shows that during the guilty plea proceedings and while protesting his innocence, Romano stated that he did not recollect the offense that formed the basis of this prosecution because he was drinking heavily at that time. He entered the Alford plea to avoid exposure to the more serious crimes if he went to trial and was convicted. Romano’s statement about his recollection of the offense was sufficient to place the trial court on notice that a strong, or significant, or substantial, factual basis for the plea had to placed of record and judicially accepted for the plea to meet the Alford requirements.
This record shows that the trial court ascertained that Romano was aware of the charge against him and that the victim was his step-granddaughter. The record does not contain proof of any other element of the charged offense. See State v. McLemore, 619 So.2d 210 (La.App. 2d Cir.1993).
The trial court apparently discussed the facts of the case in chambers with counsel, but whatever facts were discussed were not made a matter of record when the court accepted the guilty plea. On- the authorities cited, we must find on this record that the plea to attempted sexual battery was not intelligently and voluntarily entered. Jordan, supra; Linear, supra; State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied. We shall conditionally vacate the plea and remand for further proceedings.
DECREE
The guilty plea is conditionally vacated and the case is REMANDED for further proceedings and resentencing after conviction, whether by trial or by a valid Alford plea.