| xCARAWAY, Judge.
Defendant, Michael Jerome Thomas, was charged by bill of indictment with second degree murder and subsequently pled guilty to manslaughter. La.R.S. 14:31. The district court imposed the maximum term of forty years imprisonment and denied a timely motion for reconsideration. Defendant appeals, asserting the sentence is excessive. The record on* appeal does not demonstrate that defendant’s guilty plea was free and voluntary. Finding error patent from the plea colloquy, we vacate the guilty plea, set aside the conviction and sentence, and remand for further proceedings.

Proceedings for Guilty Plea

Charged with second degree murder, defendant appeared in court on March 27,1996 for the entry of what was expected to be a guilty plea to manslaughter. According to police reports, which were not reviewed at the March 27, 1996 plea proceeding, Joshua Williams and Kendrick Stringfellow drove to defendant’s apartment complex in Bossier City on August 22, 1995, and engaged in a verbal altercation with defendant. String-fellow fired a single-shot 12 gauge shotgun at defendant and ran for cover. Defendant, who was armed with a .380 semi-automatic handgun, returned fire, striking and killing Williams.
One witness stated that Williams was unarmed and the defendant chased him while firing six bullets into him from a pistol. The defendant claimed he acted in self defense when arrested on the day of the shooting, and his version of the events were partially substantiated by another witness at the apartment complex.
In the plea colloquy, after the defendant’s waiver of his rights pursuant to Boykin[1], the following exchange occurred:
THE COURT: ... Has anybody promised you anything or made any threats to you to get you to plead guilty other than what you and I have talked about?
|2MR. THOMAS: No, sir.
THE COURT: And would you be pleading guilty because you are guilty?
MR. THOMAS: Yes, sir.
THE COURT: Now, I want you to give your attention to the District Attorney and tell me if this is what happened.
MR. MARVIN: Your Honor, on or about August 11th, 1995, the defendant, Michael Thomas, did engage in a verbal — a heated verbal confrontation with Joshua Williams and Kendrick Strongfellow — Stringfellow, after which time the defendant — This argument took place in Bossier Parish at the Riverwood Apartments located in Bossier in the 2200 block of Riverwood Circle in Bossier City. After such confrontation, the defendant Thomas did pull out a three eight caliber semi-automatic pistol and shot the victim, Mr. Williams, Joshua Williams, several times. Mr. Williams subsequently died of multiple gunshot wounds.
THE COURT: Is that what happened?
MR. THOMAS: Yes, I was at — the part where I was, you know, the other guy shot at me first.
THE COURT: All right. Okay, is there anything else you want to tell me?
MR. THOMAS: That’s basically — basically it.
Following this exchange, a brief discussion regarding the presentenee investigation procedure occurred, and then the proceeding ended.

Discussion

Although the above colloquy initially contained a clear and unqualified admission of guilt immediately prior to the factual recitation by the assistant district attorney (“ADA”), the guilty plea proceeding was not concluded until such recitation was made. The trial court properly directed the defendant’s attention to the basic facts of the crime as stated by the ADA.
The recitation of some identifying facts of the crime in a guilty plea proceeding is necessary for both the judge’s benefit in accepting the plea and measuring its voluntariness and for the defendant’s benefit in assuring that his confession of criminal guilt matches a specific factual occurrence. In those cases *370 _Jswhere the accused protests his innocence or for some other reason the trial court is put on notice that the defendant believes that he is innocent, the entry of a guilty plea may nonetheless occur under the rule of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) upon a judicial finding of a significant factual basis for the defendant’s plea. State v. Linear, 600 So.2d 113 (La.App.2d Cir.1992).
Although, in this case, an Alford plea was not expected by the attorneys and the court, and was never clearly articulated by the defendant, the defendant’s last awkward response was a refusal to acknowledge the recited circumstances of the crime and instead was an assertion of a justification for his actions in response to Stringfellow’s initial shooting. With the defendant possibly moving toward an Alford plea and with his last response left hanging, the trial court erred in ending the inquiry at that point without further clarification of the defendant’s voluntary and intelligent consent to the plea. La.C.Cr.P. 556. If, indeed, an Alford plea was intended, the recitation by the ADA quoted above could not support a judicial finding of a'significant factual basis for such plea. Cf., State v. Harris, 26,608 (La.App. 2d Cir. 1/25/95) 649 So.2d 796; State v. Jordan, 619 So.2d 648 (La.App. 2d Cir.1993).
In previous cases where the Alford procedure was clearly .violated, this court has held the appeal in abeyance and remanded for additional factual findings. State v. Harris, supra and State v. Jordan, supra. Since we base this ruling on the unintelligent and involuntary nature of the defendant’s plea, we vacate the guilty plea, set aside the conviction and sentence and remand for further proceedings.

Decree

Guilty Plea Vacated; Conviction and Sentence Set Aside and Remanded.
NORRIS, J., dissents with written reasons.

. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).