STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-88

STATE OF LOUISIANA

VERSUS

DELANO SUTTON

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 64495
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Marc T. Amy, Judges.

AFFIRMED.

**Honorable William E. Tilley**
**District Attorney - 30th Judicial District Court**
**Terry Wayne Lambright**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**G. Paul Marx**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**Telephone: (337) 237-2537**
**COUNSEL FOR:**
    **Defendant/Appellant - Delano Sutton**

**Delano Sutton**
**Vernon Parish Prison**
**P. O. Box 649**
**Leesville, LA 71496-0649**

THIBODEAUX, Chief Judge.

The Defendant, Delano Sutton, pled guilty to attempted armed robbery and first degree robbery and was sentenced to two, eight year concurrent prison terms. He appeals on the basis of excessiveness and on the ground that, since a toy gun was used in the attempted armed robbery, the critical element of a "dangerous weapon" is not present.

For the following reasons, we affirm.

**Excessiveness**

The Defendant contends his sentences are excessive for a first offender. For first degree robbery, the Defendant was sentenced to eight years at hard labor, without benefit of probation, parole, or suspension of sentence. For attempted armed robbery, he was sentenced to eight years at hard labor, to run concurrent with the other sentence.

The trial court made the following comments at the sentencing hearing held on December 23, 2003:

> Very well. The Court considers the sentencing guidelines under Article 894.1, the pre-sentence report and its contents, the fact that this defendant has no prior criminal history. The facts of this case are that this defendant, along with others, drove up into a parking lot at the Subway sandwich place on Fort Polk Entrance Road and other folks were out there, apparently, having what they called in the report here as a friendly boxing match. I don't know how you can do that in a parking lot but, anyway, they were having some kind of a physical contest. Mr. Sutton got out of the vehicle and wanted to bet on who was going to win. Then, nobody would bet with him so he went back to the car, leaned in, talked to his buddies a minute and came back with a pistol and he demanded money from the contestants standing around in the parking lot. He got the money and that's the basis of this charge. Now, Mr. Sutton knew one of the victims, had worked with this victim at a convenience store or McDonald's or a sandwich store somewhere before. So, the facts of this case

1

are different from the facts of the case of first degree robbery I had before me a few minutes ago. It does not appear that this was a planned robbery that was done by design but, rather, one that was precipitated by encouragement from his peers and, probably, exacerbated by the consumption of alcohol or some other substance. Nevertheless, the Court feels that there is an undue risk that during a period of suspended sentence or probation the defendant will commit another crime. A lesser sentence will deprecate the seriousness of the defendant's crime. The Court can find no mitigating circumstances in this case.

The State argues the Defendant received a significant benefit from his plea bargain. The Defendant was charged with armed robbery and two counts of attempted armed robbery and would have faced a sentence of up to ninety-nine years, and forty-nine and one-half years for each attempt. However, by pleading to the reduced charge of first degree robbery, he reduced his exposure in half and reduced his mandatory minimum exposure from ten years to three years. The sentencing range for first degree robbery is imprisonment at hard labor for not less than three years nor more than forty years. La.R.S. 14:64.1. The Defendant's sentence of eight years is in the low range of the potential sentence for first degree robbery. In addition, the Defendant pled to only one count of attempted armed robbery and received a low range eight-year sentence.

The twenty-four-year-old Defendant argues that he should have received minimum sentences because he is a first offender and because he was drunk when he took eleven dollars from the victim by using a toy gun. However, the facts recited at Defendant's plea indicate he was armed with a "weapon," and a toy gun was never mentioned.

The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La. 5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La. 4/9/03), 842 So.2d 330.

2

However, in *State v. Marshall*, 94-0461, p. 24 (La. 9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977); *State v. Handy*, 96-2505, p. 1 (La. 1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La. 5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id.* Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

*State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746.

Given the near-minimum sentences the Defendant received, we cannot say the trial court abused its discretion when imposing the Defendant's sentences nor can we say that the sentences make no measurable contribution to acceptable penal goals. Accordingly, the Defendant's sentences are not excessive.

**Lack of Factual Basis For Attempted Armed Robbery**

The Defendant claims the trial court erred by accepting his guilty plea as the factual basis for the plea did not include the dangerous weapon element of the crime of attempted armed robbery. He claims he was armed only with a toy gun.

The transcript of the Defendant's plea bargain stated:

3

Your Honor, on the date of March 16th, 2003, here in Vernon Parish, Mr. Sutton did, in fact, have a weapon on him and took some money from a person by the name of Robert E. Fuller without the consent and authority and it was done by the use of intimidation and or coercion, Your Honor, and, likewise, did attempt to take some money from a person by the name of Robert E. Fuller without the consent and authority and it was done by the use of intimidation and or coercion, Your Honor, and like, did attempt to take some money from a person by the name of Jessica Sumney, who also was with or in the same group as Robert E. Fuller. Your Honor, these -- and he at the same time he, likewise, had the same weapon. This did occur here in -- both of them occurred here in Vernon Parish.

The Defendant acknowledges that the crime of first degree robbery does not require that the offender be armed with a dangerous weapon. However, he states the crime of attempted armed robbery does have such a requirement. The Defendant states that the factual basis for both crimes is mutually exclusive and the record does not indicate which crime the factual basis represented. The Defendant is incorrect as the recited facts describe both the robbery of the victim, and also the attempted robbery of a second victim.

Further, at the time of the Defendant's plea or sentencing, there is no mention that he was armed with a toy gun. The Defendant did not object when the facts of the crime were recited, or when the offenses were explained. The Defendant did not argue that his plea was not knowingly or voluntarily made, nor does he argue that the State breached the plea bargain agreement. He does not claim lack of notice as to the nature of the charges against him, nor does he claim that the plea is constitutionally invalid for any other reason.

In *State v. Collins*, 95-1503 (La.App. 3 Cir. 5/8/96), 677 So.2d 500, *writ denied*, 96-1794 (La. 8/27/97), 699 So.2d 45, this court, citing *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992), stated:

When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the

accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. [*North Carolina v.*] *Alford*, [400 U.S. 25, 91 S.Ct. 160 (1970)]; *Banks v. McGougan*, 717 F.2d 186 (5th Cir. 1983); *Willett v. Georgia*, 608 F.2d 538 (5th Cir. 1979); *State v. Powell*, 584 So.2d 1252 (La.App. 2d Cir. 1991).

*Id.* at 505.

In this case, the Defendant entered a guilty plea, not a plea of no contest. The trial court *Boykinized* the Defendant, informing him of his rights and of the possible penalties. The Defendant knowingly and intelligently entered his plea of guilty pursuant to the plea bargain. The Defendant did not contest the factual statement given at the plea, nor is there anything else in the record that would have placed the trial court on notice that a more detailed factual basis was required. Therefore, this assignment of error is without merit.

## CONCLUSION

The Defendant's convictions and sentences are affirmed.

**AFFIRMED.**