# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-737**


STATE OF LOUISIANA

VERSUS

JONAH VALRIE


********\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 116327
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

********\*\*

## MARC T. AMY
### JUDGE

********\*\*

Court composed of Jimmie C. Peters, Marc T. Amy and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney**
**Post Office Box 3306**
**Lafayette, LA  70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia Street**
**Rayville, LA  71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Jonah Valrie

AMY, Judge.

The defendant pled no contest to attempted manslaughter and was sentenced to twelve years imprisonment at hard labor. The defendant now appeals, asserting that his plea is deficient for lack of a sufficient factual basis and that his sentence is excessive. For the following reasons, we affirm.

## Factual and Procedural Background

The defendant, Jonah Valrie, was initially charged with attempted second degree murder and resisting an officer. According to the State's brief and the presentence investigative report, the charges were a result of the defendant shooting the victim multiple times, hitting him in the abdomen. Pursuant to a plea agreement with the State, the defendant pled no contest to the lesser charge of attempted manslaughter. The trial court, in reliance on the presentence investigation report, sentenced the defendant to twelve years imprisonment at hard labor.

The defendant now appeals, asserting that his no contest plea is deficient for lack of a sufficient factual basis and that his sentence is excessive.[1]

## Discussion

*No Contest Plea*

The defendant argues that although he "did not protest his innocence while pleading no contest, the Trial Court should have required the State to establish a factual basis for the plea, as is called for in order to accept an Alford plea" as required by *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

The Supreme Court held in *Alford* that a defendant may enter a guilty plea while still maintaining his innocence of the charge. This plea, known as an *Alford* plea, puts

---

[1] This court granted the defendant's motion allowing him an extension of time to file a pro se brief; however, the defendant's brief was untimely and, therefore, was not considered by this court. In addition, the defendant's request to terminate his court-appointed counsel and appoint new counsel was denied.

the trial court on notice that it needs to make a judicial finding of a significant factual basis for the plea. *State v. Sutton*, 04-88 (La.App. 3 Cir. 7/7/04), 879 So.2d 419, *writ denied*, 04-2617 (La. 6/24/05), 904 So.2d 730.

A no contest plea, however, does not require the same judicial finding of a significant factual basis for the plea. *State v. Johnson*, 04-1266 (La.App. 3 Cir. 2/2/05), 893 So.2d 945. Thus, where a defendant does not assert his innocence in a "no contest" plea or indicate he misunderstood the nature and consequences of that plea, the trial court does not err by failing to include a factual basis of the offense in the record. *Id.*; *State v. Francis*, 02-862 (La.App. 3 Cir. 12/11/02), 832 So.2d 1225, *writ denied*, 03-149 (La. 5/2/03), 842 So.2d 1099.

The record does not appear to indicate that the defendant in the present case entered an *Alford* plea. The defendant signed a plea agreement which was notated as a "no contest plea." In addition, the defendant admitted to the trial court that it was his signature on the plea agreement and that he understood the nature and consequences of entering into that agreement. At his plea hearing, the defendant said he feared he would be convicted at trial, and that was one reason he was entering the "no contest plea." At that point, the trial court found the defendant had made a knowing and intelligent waiver of his rights, and that the plea was freely and voluntarily given without threats or inducements. The trial court then accepted the defendant's plea. The record does not indicate that the defendant made an objection or asserted his innocence at the plea hearing.

In light of the no contest plea and the trial court's questioning of the defendant at the time of the plea, it was proper for the trial court to accept his plea without requiring a factual basis on which to find his plea sufficient.

2

This assignment lacks merit.

*Excessiveness of Sentence*

In his second assignment of error, the defendant argues that his twelve-year sentence is excessive. This court has set out a standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00), 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, (1996).

*State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p.4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant's agreement to plead "no contest" to the lesser charge of attempted manslaughter gave him a possible sentence of not more than twenty years at hard labor. *See* La.R.S. 14:27; La.R.S. 14:31. The agreement also resulted in the dismissal of the resisting an officer charge. His twelve-year sentence is slightly more than half the penalty he could have possibly received for attempted manslaughter. In addition, the defendant received a substantial benefit from his plea bargain, which decreased his possible sentence from fifty years to twenty years at hard labor. *See* La.R.S. 14:27; La.R.S. 14:30.1.

The record reveals that the trial court judge did consider aggravating and mitigating factors. At the sentencing hearing, the trial court judge stated:

> Mr. Valrie, I have reviewed the aggravating and mitigating circumstances in the applicable Articles of the Code of Criminal Procedure. I have considered the factors associated with your crime in question. I have looked at your record. I have considered in particular the victim's impact as well as the State of Louisiana's recommendation of sentence. After all the above has been considered, I hereby sentence you to serve twelve years at hard labor.

A review of the presentence report and consideration of the facts that the defendant received a benefit from the plea agreement and his sentence for the crime he was convicted of is a mid-level sentence, it is clear that the trial court's imposition of sentence is not an abuse of discretion. Accordingly, the defendant's sentence is not excessive.

This assignment lacks merit.

4

**DECREE**

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**