STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-246

consolidated with

10-247

STATE OF LOUISIANA

VERSUS

AUBRY RICHARD SANDERS

On Appeal from the Ninth Judicial District Court, consolidated Docket Numbers 295,231 and 295,232, Parish of Rapides, State of Louisiana, Honorable John C. Davidson, District Judge.

**O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeals presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of __September__, 2010.

**COURT OF APPEAL, THIRD CIRCUIT**

_____
**Chief Judge Ulysses Gene Thibodeaux**

_____
**Judge Oswald A. Decuir**

_____
**Judge James T. Genovese**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-246

consolidated with

10-247

STATE OF LOUISIANA

VERSUS

AUBRY RICHARD SANDERS

****************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NOS. 295,231 AND 295,232
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

James C. "Jam" Downs
District Attorney – Ninth Judicial District
Loren M. Lampert
Assistant District Attorney
Post Office Box 1472
Alexandria, Louisiana 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
        State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2806**
**Monroe, Louisiana 71207-2806**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Aubry Richard Sanders**

**GENOVESE, Judge.**

Defendant, Aubrey Richard Sanders, was charged by bill of information filed on January 23, 2009, in docket number 295,231, with possession with intent to distribute CDS I, marijuana, in violation of La.R.S. 40:966; he also was charged in docket number 295,232, with possession of CDS III, hydrocodone, in violation of La.R.S. 40:968, and possession of CDS V, codeine, in violation of La.R.S. 40:970. Defendant entered pleas of not guilty in both docket numbers on March 27, 2009. On April 22, 2009, the two docket numbers were consolidated.

On September 15, 2009, Defendant withdrew his former pleas of not guilty and entered pleas of guilty to possession with intent to distribute CDS I, possession of CDS III, and possession of CDS V. The trial court then sentenced Defendant to the stipulated sentence of five years at hard labor on each count, to run concurrently, with a recommendation that Defendant be allowed to enter the Boot Camp program.

A "Reconsideration of Sentence to Modify Sentence" was filed in both docket numbers on October 16, 2009, which was denied. A motion for appeal was filed and granted.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), in this matter. For the following reasons, we affirm with instructions and grant counsel's motion to withdraw.

**FACTS:**

No factual basis for the charged offenses was given.[1]

---

[1]"[W]here a defendant does not assert his innocence in a 'no contest' plea or indicate he misunderstood the nature and consequences of that plea, the trial court does not err by failing to include a factual basis of the offense in the record." *State v. Valrie*, 09-737, p. 2 (La.App. 3 Cir. 12/9/09), 25 So.3d 1018, 1019 (citations omitted).

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the records in docket numbers 10-246 and 10-247, we find there are no errors patent. However, the minutes of sentencing in trial court docket number 295,232 (appellate court docket number 10-247) do not accurately reflect the transcript of sentencing.

The minutes of the sentencing proceeding in docket number 295,232 provide in pertinent part:

> Court sentenced accused for POSSESSION CDS III. POSSESSION CDS V. Court sentenced accused to be committed to the Louisiana Department of Corrections. Accused to serve 005 Years(s). Sentence is to be served at Hard Labor.

The transcript of sentencing provides, in pertinent part (emphasis added):

> BY THE COURT: Okay. And I will accept the stipulated sentence. It's five years at hard labor *on each count*, concurrent, with a recommendation of Boot Camp.

"[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62 (citations omitted). Consequently, the trial court is ordered to correct the minutes of sentencing in trial court docket number 295,232 to accurately reflect the transcript of sentencing.

**ANDERS ANALYSIS:**

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel has filed a brief stating that she could not find any errors on appeal that would support a reversal of Defendant's convictions or sentences. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the court explained the *Anders* analysis:

2

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D)[,] this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instruments, and the transcripts. Defendant was properly charged by bills of information, was present and represented by counsel at all crucial stages of the proceedings, and entered free and voluntary guilty pleas after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received legal sentences.

We have found no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

3