STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-378

STATE OF LOUISIANA

VERSUS

TYRONE A. MURRAY

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH  JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 155971
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED.**

Hon. Charles A. Riddle, III
District Attorney - 12th JDC
P.O. Box 1200
Marksville, LA 71351
(318) 253-6587
COUNSEL FOR APPELLEE:
      State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR APPELLANT:
      Tyrone A. Murray

**Decuir, Judge.**

The appeal at issue involves multiple trial docket numbers. On March 30, 2012, this court issued a rule to show cause why the appeal should not be dismissed as trial docket number 155971 was not included on the motion for appeal.

Defendant's appellate counsel replied with a timely brief, arguing that the appeal should not be dismissed and should include the proceedings conducted under trial docket number 155971. Although Defendant makes a number of arguments, he relies heavily on the supreme court's reversal of this court's dismissal of an appeal in 2009:

> Granted. La.C.Cr.P. art. 914(A) provides in part that "[a] motion for an appeal may be made orally in open court or by filing a written motion with the clerk." We have repeatedly emphasized that this article "should be construed liberally to effectuate a defendant's constitutional right of appeal in Louisiana." *State v. Murphy*, 07-2032 (La.2/22/08), 974 So.2d 1290 (citing *State v. Goodley*, 423 So.2d 648, 651 (La.1982)). Although somewhat inarticulate, defense counsel's remarks in open court following sentencing, liberally construed, constituted the requisite motion for an appeal as authorized by La.C.Cr.P. art. 914(A) because counsel expressed his client's "desire to proceed forward to Reconsideration [of sentence] and Appeal as quickly as possible as he has been incarcerated for sometime now." It further appears that in response to defendant's written pro se motion for an appeal which followed some months later, the trial court signed an order of appeal without objection by the state. Although that order of appeal carried only the docket number for the charged offense and not the separate docket number given the subsequent habitual offender proceeding, the order necessarily encompassed both defendant's conviction and sentence. Habitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction, *State v. Alexander*, 325 So.2d 777, 779 (La.1976), and a defendant generally may appeal only from "[a] judgment which imposes sentence." La.C.Cr.P. art. 912(C)(1). The clerk's office in the district court thus prepared separate records for appeal of defendant's conviction and appeal of his sentence to accommodate the separate docket numbers in the district court but included a sentencing transcripts [sic] in both records.
>
> The decision below is reversed and the matter is remanded to the court of appeal to hear the merits of defendant's appeal of his

adjudication and sentence as an [sic] habitual offender under La.R.S. 15:529.1.

*State v. Means*, 09-1716, pp. 1-2 (La. 4/9/10), 32 So.3d 805, 805-06.

In addition, counsel has supplied a copy of a letter sent by Defendant to the district court clerk's office on February 10, 2012. In that letter, he indicated that he had sent the court three separate motions for appeal, each bearing one of the three docket numbers from his original charges. The district court clerk's office has supplied this court with a supplemental record that contains another copy of the letter. However, the record also contains an affidavit affirming that the district court has only the appeal motion bearing docket number 155970.

Strictly speaking, no appeal was initiated for the conviction under docket number 155971, as the only appeal motion in the record does not bear that number. Further, the order of appeal in this case did not "necessarily encompass[ ]" all the docket numbers at issue in the same way that the order of appeal in *Means* included the conviction and sentence. Logic may suggest that a conviction and sentence are immutably part of the same proceeding, but separately-billed charges against the same defendant are not in the same posture. While it is true that charges under both dockets numbers were addressed at the same plea hearing below, the record does not indicate that they were actually consolidated.

Courts must have viable procedures for identifying the cases that are before them, and obviously the use of docket numbers is a key part of such procedures. The erosion of requirements that motions contain appropriate docket numbers would present significant practical problems in the future.

Also, a dismissal of this appeal will not do irreparable harm to Defendant's case, as he may still file a motion for post-conviction relief seeking reinstatement of his right to appeal. *State v. Counterman*, 475 So.2d 336 (La.1985).

2

Defendant's appeal is hereby dismissed.

**APPEAL DISMISSED**.