# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-378 consolidated with  12-379

**STATE OF LOUISIANA**

**VERSUS**

**TYRONE A. MURRAY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NOS. 155971, 155970
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**CONDITIONALLY AFFIRMED AND REMANDED, WITH INSTRUCTIONS.**

**Hon. Charles A. Riddle, III**
**District Attorney, 12th JDC**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Tyrone A. Murray**

**Miche Moreau**
**Asstant District Attorney**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Tyrone A. Murray**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA  70648**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Tyrone A. Murray,** *Pro Se*

**SAUNDERS, Judge.**

Defendant, Tyrone A. Murray, was indicted on April 15, 2010, for the aggravated rape of D.A., a violation of La.R.S. 14:42, under docket number 155970.[1] D.A. was under the age of thirteen at the time. Defendant was also indicted for oral sexual battery, a violation of La.R.S. 14:43.3, under docket number 155971. He was charged under docket number 155972 with molestation of a juvenile, a violation of La.R.S. 14:81.2.

On May 17, 2011, Defendant pled guilty to the reduced charge of molestation of a juvenile under docket number 155970 and to oral sexual battery under docket number 155971 pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160 (1970). Defendant steadfastly maintained his innocence but stated he wished to enter a guilty plea as being in his best interest. The trial court found Defendant was making a knowing and intelligent decision in his best interest and accepted the plea.

The original charge of molestation of a juvenile filed under docket number 155972 was *nolle prossed.* Further, the State agreed not to charge Defendant as a multiple offender. The trial court sentenced Defendant to twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence on each count, without diminution for good behavior, and with the sentences to run concurrently.

Defendant then filed a motion to withdraw his guilty plea on June 27, 2011. Defendant's *pro se* motion to withdraw his guilty plea alleged solely (and erroneously) that La.Code Crim.P. art. 559(B) permitted him to withdraw the plea within thirty days of sentencing. At the hearing of the motion to withdraw the plea, defense counsel expanded the motion to include the argument that

---

[1]Initials are used to protect the identity of the victim pursuant to La.R.S. 46:1844(W).

notification of registration as a sex offender "has to be explained to the defendant in writing before the sentence is handed down."

The trial court denied the motion on December 13, 2011. He found Defendant did not show the *Boykin* colloquy was defective, and Defendant made "a knowing and intelligent appearance in his boykin [sic] examination." The trial court held Defendant "failed to provide . . . any legal basis" on which to allow him to withdraw his guilty plea.

Defendant filed these two separate appeals in this court and asked for them to be consolidated. However, this court dismissed the appeal of docket number 155971 because the docket number was not included on the motion for appeal. *State v. Murray*, 12-378 (La.App. 3 Cir. 5/23/12), 92 So.3d 591, *writ granted*, *case remanded*, 12-1414 (La. 12/14/12), 104 So.3d 419. Defendant applied for writs with the Louisiana Supreme Court challenging the dismissal of his appeal.

This court withheld ruling on the appeal of docket number 155970 pending the supreme court's ruling. On December 14, 2012, the supreme court reinstated Defendant's appeal of docket number 155971 and remanded the matter with instructions to consolidate the two appeals. *Id*. This court consolidated the matters on January 14, 2013, per the supreme court's instructions.

Defendant now appeals his convictions on grounds his guilty plea was not knowingly and intelligently made, he was not advised of the requirements regarding sex offender registration and notification. Finally, Defendant asserts that the trial court erred in denying the motion to withdraw his guilty plea.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**FACTS:**

Defendant pled guilty to oral sexual battery and molestation of a juvenile involving D.A., a child under the age of thirteen.

**ASSIGNMENT OF ERROR NO. 1:**

The first assignment of error in Defendant's consolidated appeals alleges he should be allowed to withdraw his guilty plea because the State failed to establish a factual basis for the charges as required by *Alford*, 400 U.S. 25, when the trial court accepted his plea.

Defendant argues his "best interest" plea was not made knowingly and intelligently. Thus, it is constitutionally infirm and must be set aside. He contends the plea was invalid because the State failed to establish a factual basis for the charge as required by *Alford*, 400 U.S. 25, when the trial court accepted his plea. This court may consider this argument even though Defendant did not raise it in his motion to withdraw because of the constitutional nature of the claim. *State v. Farris*, 10-644 (La.App. 3 Cir. 12/8/10), 53 So.3d 537 (citing *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36).

The Supreme Court held in *Alford*, 400 U.S. 25, that a defendant may enter a plea of guilty while still maintaining his innocence of the charge. An *Alford* plea puts the trial court on notice that it needs to make a judicial finding of a significant factual basis for the plea. *State v. Sutton*, 04-88 (La.App. 3 Cir. 7/7/04), 879 So.2d 419, *writ denied*, 04-2617 (La. 6/24/05), 904 So.2d 730. This court has held an *Alford* plea puts the trial court "on notice that a substantial basis of guilt must be placed into the record." *State v. J.S.*, 10-1233, p. 2 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185, 1188 (citing *State v. Villarreal,* 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied,* 00-1175 (La. 3/16/01), 786 So.2d 745).

3

At the plea hearing in the case at bar, the trial court never asked the State to put a factual basis for the charge on the record. The trial judge discussed the meaning of the original and reduced charges and the potential sentences for each. The trial court determined Defendant believed the plea was in his best interest. Toward the end of the hearing, the trial court stated:

> Okay. The state claims that through a grand jury indictment that during the last half of two thousand nine you did commit acts of molestation of a juvenile and oral sexual battery upon a juvenile with the initials D.A. who was under thirteen years of age. Do you understand that is the claim being made in the indictment by the grand jury?

Defendant responded, "[y]es, sir." The trial court then accepted the best interest plea, noted Defendant's waiver of sentencing delays, and imposed sentence.

In *State v. Guilbeau*, 11-99 (La.App. 3 Cir. 6/22/11), 71 So.3d 1020, the defendant was charged with two counts of second degree battery. At the plea hearing on both charges, the defendant mentioned he was struck first, before he hit anyone. This court determined that statement was sufficient to raise the defense of justification and thereby "put the trial court on notice that a more detailed factual basis was needed to support the plea." *Id.* at 1029.

This court "conditionally affirmed [the defendant's conviction and sentence] on the evidence in the record on appeal." *Id.* at 1030. Accordingly, the panel in *Guilbeau* remanded the case and ordered the trial court to conduct a hearing pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), to allow the State the opportunity to present a sufficient factual basis for both counts of second degree battery and noted the trial court should vacate the plea and sentence if the State failed to do so. The defendant could then appeal any adverse ruling on that issue. This disposition reflects the remand procedures set out in *State v. R.W.W.*,

4

06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, *writ denied*, 07-820 (La.3/27/09), 5 So.3d 130.

Based on our result in *Guilbeau*, 71 So.3d 1020, we conditionally affirm Defendant's convictions and sentence based on the evidence in the record on appeal. Additionally, we remand the matter and order the trial court to conduct an additional *Boykin* hearing, within forty-five days of the date of the opinion, to allow the State the opportunity to present a sufficient factual basis for the guilty pleas to oral sexual battery and molestation of a juvenile. Additionally, we instruct the trial court to vacate the pleas and sentences in the event the State fails to present a sufficient factual basis for the pleas. Defendant may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea, and, in the absence of such an appeal, Defendant's conviction is affirmed.

**ASSIGNMENT OF ERROR NO. 2:**

Defendant alleges the trial court erred in failing to set aside the guilty plea because he was not advised of the sex offender registration and notification requirements. Louisiana Revised Statutes 15:543(A) requires the court to "provide written notification" of registration and notification requirements for sex offenders. The statute requires the court to "use the form contained in R.S. 15:543.1" and provide a copy to the offender. The notice must be included "on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders." La.R.S. 15:543(A). "[N]otice after a guilty plea has been entered and accepted by the court amounts to untimely notice under the statute, especially since the defendant has no absolute right at the district court level to withdraw a previously entered plea of guilty under L.C.Cr.P. article 559[,]" allowing the withdrawal of a guilty plea only before sentencing. *State v. Calhoun*,

5

96-786, p. 7 (La. 5/20/97), 694 So.2d 909, 913. Failure to timely notify a defendant of the requirements "is a factor that **can** undercut the voluntary nature of a guilty plea." *Id.* at 914 n.6.

At the hearing of the motion to withdraw, Freeman Ford, an administrative assistant with the public defender's office, testified that he did not tell Defendant of the registration and notification requirements for convicted sex offenders. However, he thought Defendant may have asked about the requirements, and Defendant's attorney mentioned the requirements to him.

Defendant's attorney, George Higgins, likewise testified at the hearing after Defendant waived his attorney/client privilege. Mr. Higgins would "be shocked if [Defendant] didn't" receive written notification that he would have to register as a sex offender, but he did not recall seeing such a notification. When asked directly whether Defendant was given any notification in writing, he responded, "I don't know. . . . I don't recall that happening." Mr. Higgins recommended Defendant accept the plea bargain because purportedly favorable evidence was not what he expected it to be, and he would have no chance of a successful trial unless Defendant testified. However, Mr. Higgins believed the possibility of Defendant's testimony "would be as bad as anything."

Defendant did testify at the hearing to withdraw his pleas. He stated he was never given "any paper copies of law about sex offender registration." No one ever gave him any forms outlining the laws related to sex offender registration or to fill out for registration. Neither Mr. Ford nor Mr. Higgins told him he would have to register as a sex offender. According to Defendant's testimony, knowledge of the requirements would have influenced his decision to accept the plea agreement.

6

During sentencing, Defendant asked the trial judge a question about whether he would serve "the whole twenty five" of his sentence "flat." The trial judge replied, "[y]ou do flat time and when you finish your time then you'll be subject to the rules of the Department of Corrections on sex offender registration, notification and all parole rules that they have at that time." Defendant asked no further questions. However, this exchange took place after the trial court had accepted Defendant's plea, as the trial court was sentencing him.

The record does not contain a plea form. The minutes of the plea hearing do not indicate Defendant was told anything about notification and registration requirements. Review of the transcript shows the trial court said nothing to Defendant about the requirements prior to accepting the plea.

Nothing in the record indicates the trial court timely notified Defendant of the notification and registration requirements for sex offenders. However, Defendant testified he pled guilty because his lawyers explained to him a six-year-old girl was going to testify he had raped her, and the evidence showed she had in fact been raped. They told him he would go to prison for the rest of his life if he were convicted. Lack of notice is only one of the factors to be considered in a motion to withdraw a guilty plea; it does not, by itself, determine the issue. *Calhoun*, 694 So.2d 909.

Therefore, we find that, when compared to Defendant's other reasons for entering into a guilty plea, the failure to notify Defendant of the notification and registration requirements was not a factor that undercut the voluntary nature of the plea. Accordingly, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NO. 3:**

Defendant contends the trial court should have concluded his "best interest" plea was not knowingly and intelligently made, and it should have granted his

motion to withdraw the plea. He argues his plea agreement applied to both charges so that it stands or falls in totality. Defendant's assignments of error apply equally to both convictions. Clearly, this assignment is moot in light of the Louisiana Supreme Court's remand.

## DISPOSITION:

Defendant's convictions and sentences are conditionally affirmed based on our order to remand the matter for the trial court to conduct an additional *Boykin* hearing, within forty-five days of the date of the opinion, to allow the State the opportunity to present a sufficient factual basis for the guilty pleas to oral sexual battery and molestation of a juvenile. Further, we instruct the trial court to vacate the pleas and sentences in the event that the State fails to present a sufficient factual basis for the pleas. Finally, we instruct the trial court to inform the Defendant that he may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea, and, in the absence of such an appeal, Defendant's convictions are affirmed.

**CONDITIONALLY AFFIRMED AND REMANDED, WITH INSTRUCTIONS.**