# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-681

**STATE OF LOUISIANA**

**VERSUS**

**JERMAINE EPPS**

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 79112
HONORABLE CRAIG O. MARCOTTE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

**REMANDED WITH INSTRUCTIONS.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 6547**
**Lake Charles, LA 70606-6547**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Jermaine Epps**

**D. Scott Kendrick**
**Attorney at Law**
**215 Williams Avenue**
**Natchitoches, LA 71457**
**(318) 354-9146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Jermaine Epps**

**Don M. Burkett**
**District Attorney, Eleventh Judicial District**
**Anna Louise Garcie**
**Assistant District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**GREMILLION, Judge.**

On April 22, 2019, the State filed a true bill of indictment charging Defendant, Jermaine Epps, with first degree rape, a violation of La.R.S. 14:42(A)(6). Defendant pled not guilty on May 29, 2019. However, on July 17, 2023, to the amended charge of second-degree rape, a violation of La.R.S. 14:42.1, Defendant changed his plea to guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, (1970). Defendant was convicted of raping his stepdaughter, A.H.[1] between 2016 and 2018. The court then imposed an agreed-upon sentence of twenty years at hard labor without benefit of probation, parole, or suspension of sentence.

Defendant now appeals and asserts only one assignment of error: The trial court erred in accepting his guilty plea since it failed to find an adequate factual basis to support the guilty plea and therefore violated his right to due process. We find there is no factual basis in the record, and remand for an evidentiary hearing.

## ASSIGNMENT OF ERROR

During Defendant's guilty plea hearing, the State offered the following as the factual basis for the plea:

> Your Honor, that between the dates of April 6, 2016, through April 30, 2018, he did commit rape of "A.H." who was his stepdaughter at the time. She is now 18 years old. She gave specifics about where it had occurred, specifics about what had occurred during that time frame. And I realize he is entering a best-interest plea, but those are the facts regarding that case, Your Honor.

The following conversation took place between the trial court, Defendant, Defendant's counsel, and State's counsel:

MR. KENDRICK [Defendant's Counsel]:

> And just to reiterate, Your Honor, this is an Alford -

---

[1]Pursuant to La.R.S. 46:1844(W), the victims' initials are used to protect their identities.

THE COURT:

Okay.

MR. KENDRICK:

- or a best-interest plea. And Mr. Epps would stipulate that there are - that this is in his best interest to resolve this matter as we've previously discussed that a "guilty as charged" verdict from the jury would be a mandatory life sentence without possibility of parole.

THE COURT:

Right. Correct. Okay. So, Mr. Epps, you understand what could happen to you if you went to trial. You're doing the plea under Alford, is that correct?

DEFENDANT EPPS:

Yes, sir.

THE COURT:

Okay. And you want to plead guilty today.

DEFENDANT EPPS:

Yes, sir.

THE COURT:

Without anyone forcing, coercing, or making you do so.

DEFENDANT EPPS:

Yes, sir.

. . . .

THE COURT:

And you are pleading guilty voluntarily, correct?

DEFENDANT EPPS:

Yes, sir. Yes, sir.

2

THE COURT:

Based upon everything involved, correct?

DEFENDANT EPPS:

Yes, sir.

THE COURT:

Now, you understand it's basically an agreed sentence, correct?

DEFENDANT EPPS:

Yes, sir.

THE COURT:

And you agree to that as well?

DEFENDANT EPPS:

Yes, sir.

. . . .

THE COURT:

All right. Do you have any questions thus far?

DEFENDANT EPPS:

No, sir.

THE COURT:

The Court finds that there's a basis for the guilty plea. The Court finds that the defendant has freely and voluntarily plead guilty without anyone having forced, coerced, or made him do so.

The Court finds that the defendant understands the nature of the charges against him, as well as the ramifications of his plea and accepts this guilty plea from Mr. Epps.

All right. Mr. Epps, do you want to waive any and all sentencing delays, correct?

3

DEFENDANT EPPS:

Yes, sir.

THE COURT:

All right. All right. With regard to the second degree rape charge, you are hereby sentenced to 20 years at hard labor, said 20 years is without benefit of probation, parole, or suspension of sentence. You will receive credit for time served. In addition, you understand that you have - and I believe you signed -

DEFENDANT EPPS:

Without probation?

MR. KENDRICK:

I'm sorry, Your Honor.

THE COURT:

What's that?

DEFENDANT EPPS:

It's without parole?

MR. KENDRICK:

Well, that's part of the way it's worded.

THE COURT:

That's the statute.

DEFENDANT EPPS:

Oh, okay.

MR. KENDRICK:

It's just the way the statute is worded.

THE COURT:

The statute reads that way.

4

DEFENDANT EPPS:

Yes, sir.

THE COURT:

You have to get a sentence without benefit.

DEFENDANT EPPS:

Yes, sir.

THE COURT:

It's called "without benefit of probation, parole, or suspension of sentence," otherwise, it would be an illegal sentence, okay?

DEFENDANT EPPS:

Yes, sir. I understand. I'm just -

THE COURT:

So it's 20 years at hard labor without benefit of probation, parole, or suspension of sentence. You will receive credit for time served, as I told you before.

. . . .

THE COURT:

…It is 20 without benefit, okay, at hard labor. Do you have any questions?

DEFENDANT EPPS:

(Incomprehensible word).

THE COURT:

What's that?

DEFENDANT EPPS:

No, sir. I think -

THE COURT:

Speak now or forever hold your peace, man.

DEFENDANT EPPS:

Yes, sir. I'm fixing to ask it. I thought it was going to be molestation or whatever.

MR. KENDRICK:

What's your question?

DEFENDANT EPPS:

I thought you - you want me to talk right here? I thought he said it was going to be a molestation.

MR. KENDRICK:

Well, it was. I looked up the statute - well, Ms. Garcie and I looked up the statute, and it's a 25 minimum on molestation.

DEFENDANT EPPS:

Um-hm (Responding audibly and affirmatively).

MR. KENDRICK:

That's when I told you that we're going to have to do second degree.

DEFENDANT EPPS:

Okay. I was just - I was just wondering –

MR. KENDRICK:

No. That's fine. That's why we're here.

THE COURT:

Yeah. I mean, if you want to plead to that, we'll plead you to that.

MR. KENDRICK:

No. That's more time.

DEFENDANT EPPS:

No. I was just –

6

MR. KENDRICK:

No. No. And that's fair. I told you that originally, and that's what I thought. But then when Ms. Garcie and I looked at it, -

THE COURT:

Molestation is a mandatory minimum of 25. If you want to do it that way, that's fine with me.

DEFENDANT EPPS:

No, sir. I was just asking, you know -

MR. KENDRICK:

And I came back, remember, I told you it would be second degree.

DEFENDANT EPPS:

No, sir.


THE COURT:

All right. You're cool?

DEFENDANT EPPS:

Yes, sir. I was just -

THE COURT:

You're good.

. . . .

THE COURT:

All right. Do you understand the sentence, sir?

DEFENDANT EPPS:

Yes, sir.

THE COURT:

Do you have any questions about this sentence, sir?

DEFENDANT EPPS:

No, sir.

Here, there is no dispute that Defendant entered an *Alford* plea. In *State v. J.S.,* 10-1233, p. 2 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185, 1187 (emphasis added), this court explained the function and parameter of the "best interest," or *Alford* plea as follows:

> The "best interest" or *Alford* plea, which derives from the United States Supreme Court case of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty while maintaining his innocence. In *Alford*, the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] . . . especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.*, 400 U.S. at 31, 91 S.Ct. at 164; *State v. McCoil*, 2005–658 (La.App. 5th Cir.02/27/06), 924 So.2d 1120. In a case involving an *Alford* plea, the record must contain "*strong evidence of actual guilt.*" *Id.*, 400 U.S. at 38, 91 S.Ct. at 167; *State v. McCoil*, *supra*;

> *State v. Stevenson*, 45,371, pp. 4–5 (La.App. 2 Cir. 6/23/10), 41 So.3d 1273, 1277.

Furthermore, when a defendant claims innocence and still makes an *Alford* plea, the trial court is put on notice that a substantial basis of guilt must be placed into the record. *State v. Villarreal,* 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied,* 00–1175 (La. 3/16/01), 786 So.2d 745.

> [T]he standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the *strength of the factual basis*, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]." *Id.* 400 U.S. at 31, 91 S.Ct. at 164.

*State v. Orman,* 97-2089, pp. 1–2 (La. 1/9/98), 704 So.2d 245, 245 (emphasis added).

Defendant notes that the court did state that it "finds there's a basis for the guilty plea," that "the defendant has freely and voluntarily pled guilty without anyone having forced, coerced, or made him do so," and that "the defendant understands the natures of the charges against him, as well as the ramifications of his plea." However, the court did not state its consideration of the facts of the case, nor did it elaborate or specify the factual basis it found.

Notwithstanding that the State's offering of the factual basis provided little "specifics" of the offense, the actual discovery contained in the record did not include the offense reports or other documents which might have provided them either. Additionally, although Defendant sought one, a preliminary examination hearing regarding his charge of first-degree rape was not held as it was determined he was not entitled to it since a bill of indictment had been returned. The facts provided during the hearing on the motion in limine found in the record concerned another act which defense counsel questioned was even an offense. This "act" did not involve A.H. and did not involve any rape or attempted rape, and the hearing was presided over by a judge other than the one who accepted the plea in this case. Lastly, Defendant proposes that the reference to "a basis for the guilty plea" could have been a reference to something other than the facts of the alleged crime.

Consequently, Defendant concludes the trial court made no finding that there was a significant factual basis supporting Defendant's guilty plea, and the trial court therefore erred in accepting Defendant's guilty plea in violation of Defendant's right to due process. Defendant asks that the plea should be set aside.

The State asserts that a thorough reading of the guilty plea and sentencing transcript shows that the court, after it considered the facts given by the State and the responses given by Defendant, had an adequate basis to find Defendant was

9

entering his guilty plea knowingly and freely. Regardless, if this court holds the facts given were insufficient, the State requests the matter be remanded for resentencing.

*Was a Significant Factual Basis Established?*

After reviewing the record and the transcript of Defendant's guilty plea, we agree with Defendant that there was a lack of a significant factual basis entered into the record supporting the guilty plea.

In *State v. Craig,* 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, the fifth circuit noted the trial court failed to recite specific evidence of defendant's guilt following an *Alford* plea but stated only that a factual basis existed. However, a suppression hearing transcript which was in the record revealed a sufficient factual basis for the *Alford* plea. At the suppression hearing, a witness testified he saw the defendant shoot the victim and then run away.

In *State v. Stevenson*, 41 So.3d 1273, no facts were given to support any of the necessary elements for the charge of criminal damage to property with the intent to defraud. The trial court did not go over the elements of the offense to which the defendant was pleading, and instead, merely asked the defendant if he understood he was pleading guilty to that crime. Reviewing the transcript in light of *Alford*, the second circuit held that there was not enough evidence that the defendant's guilty plea, coupled with the protestation of innocence, was based on a significant factual basis and was knowing and voluntary. The conviction was reversed, and the matter remanded to give the defendant the opportunity to withdraw his guilty plea to the felony offense.

Also, in *State v. Cooper*, 52,408, p. 7 (La.App. 2 Cir. 11/8/18), 261 So.3d 975, 979, when the state entered its factual basis on the record, it said the following:

> Judge, the facts in this case if we went to trial would be that on the date set forth in the bill of information, this defendant entered the house of where the victim was ultimately was located, he came in contact with he[r], during the course of that contact – contact, he made physical contact with a – in a way with her which would fall within the definition of lewd and lascivious acts under the Statute.

During the recitation of the facts, the defendant repeatedly maintained his innocence. The trial court did not find a significant factual basis as it was required to. The second circuit vacated defendant's sentence and remanded the case for further proceedings because, although the defendant was advised of and waived his *Boykin* rights and stated his desire to plead guilty, he maintained his innocence.

In Defendant's case, the State did not provide any specifics when it offered its factual basis. Moreover, Defendant is correct that the record does not provide any specifics pertaining to the offense Defendant had pled to, other than that he lived at the residence of the victim. Nevertheless, despite a significant factual basis not being established in the record, when the other circumstances regarding Defendant's plea are considered, they show Defendant freely and knowingly entered his guilty plea. True, Defendant was confused for a moment, thinking he was going to plead to molestation of a juvenile, but his attorney and the court explained molestation required a harsher sentence than second-degree rape. Defendant also did not know whether the sentence was without parole, but the court informed him that his sentence was statutorily mandated to be imposed without benefits. Ultimately, any confusion Defendant had was clarified, and he acknowledged he understood his sentence. However, an establishment of a significant factual basis is still required.

In *State v. Murray*, 12-378, 12-379 (La.App. 3 Cir. 4/3/13), 117 So.3d 130, the defendant alleged that he should be allowed to withdraw his *Alford* plea because

11

the state failed to establish a factual basis for the plea. This court addressed the allegation as follows:

> In *State v. Guilbeau,* 11-99 (La.App. 3 Cir. 6/22/11), 71 So.3d 1020, the defendant was charged with two counts of second degree battery. At the plea hearing on both charges, the defendant mentioned he was struck first, before he hit anyone. This court determined that statement was sufficient to raise the defense of justification and thereby "put the trial court on notice that a more detailed factual basis was needed to support the plea." *Id.* at 1029.
>
> This court "conditionally affirmed [the defendant's conviction and sentence] on the evidence in the record on appeal." *Id.* at 1030. Accordingly, the panel in *Guilbeau* remanded the case and ordered the trial court to conduct a hearing pursuant to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to allow the State the opportunity to present a sufficient factual basis for both counts of second degree battery and noted the trial court should vacate the plea and sentence if the State failed to do so. The defendant could then appeal any adverse ruling on that issue. This disposition reflects the remand procedures set out in *State v. R.W.W.,* 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, *writ denied,* 07–820 (La.3/27/09), 5 So.3d 130.
>
> Based on our result in *Guilbeau,* 71 So.3d 1020, we conditionally affirm Defendant's convictions and sentence based on the evidence in the record on appeal. Additionally, we remand the matter and order the trial court to conduct an additional *Boykin* hearing, within forty-five days of the date of the opinion, to allow the State the opportunity to present a sufficient factual basis for the guilty pleas to oral sexual battery and molestation of a juvenile. Additionally, we instruct the trial court to vacate the pleas and sentences in the event the State fails to present a sufficient factual basis for the pleas. Defendant may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea, and, in the absence of such an appeal, Defendant's conviction is affirmed.

*Id.* at 133–34 (alteration in original).

In *Fregia*, 12-646 (La.App. 3 Cir. 12/5/12),105 So.3d 999, this court likewise followed *Guilbeau*, 71 So.3d 1020, and remanded the case for an evidentiary hearing. Fregia did not allege that his plea was involuntary or request that his plea be withdrawn but asserted only that the trial court failed to ascertain a significant factual basis for the plea:

As noted above, Defendant makes no statement that his guilty plea was not intelligently or knowingly made nor does he state that he desires to withdraw the guilty plea. Also, as noted above, the standard under *Alford* is whether the strength of the factual basis, coupled with the other circumstances of the plea, reflects that the plea was a voluntary and intelligent choice among the alternatives available to Defendant. The State argues that "the definition of indecent behavior with a juvenile is 'fairly straightforward'" and that there "was tremendous evidence of guilt in the record," referring to the two minor victims' statements made to the police which were attached to a discovery response in the record. The State argues "[t]hus, the defendant was put on notice of the charges and the precise allegations raised against him prior to pleading guilty."

The trial court did not request, nor was it provided with, any specific factual information regarding the offense of indecent behavior with a juvenile. The only information regarding the offense put into the record was essentially a recitation of the statute under which Defendant was charged. An indictment is not evidence of a defendant's guilt. It is, instead, a means to inform the defendant of the charges against him so that he may prepare for his defense. *State v. Galindo,* 06–1090 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102, *writ denied,* 07–2145 (La.3/24/08), 977 So.2d 952. The State further argues Defendant was put on notice of the charges and precise allegations when he acknowledged receipt of discovery. The acknowledgement occurred on November 19, 2010, at a pre-trial hearing concerning several motions filed by Defendant, wherein the State advised the trial court it had complied with Defendant's discovery request, and Defendant agreed he had received the documents.

Except for the victims' unverified statements attached to a discovery response, the record contains nothing pertaining to the facts of the case which would serve as substantial evidence of Defendant's guilt. *See State v. Graig,* 10–854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, in which the fifth circuit noted the trial court failed to recite specific evidence of defendant's guilt following an *Alford* plea but stated only that a factual basis existed. However, a suppression hearing transcript which was in the record revealed a sufficient factual basis for the *Alford* plea. At the suppression hearing, a witness testified he saw the defendant shoot the victim and then run away.

Following the rationale in our decision in *Guilbeau,* we remand this matter for a hearing to allow the State the opportunity to present a factual basis for the plea. In *State v. Bowie,* 96–2987 (La.1/31/97), 687 So.2d 369, the state supreme court implicitly approved this procedure as it granted writs to provide guidance regarding the new *Boykin* hearing but declined to exercise its supervisory authority further.

. . . .

**DECREE**

This case is hereby remanded to the district court and the district court is ordered to conduct an additional *Boykin* hearing allowing the State an opportunity to present other evidence of Defendant's guilt at said hearing to be held within thirty days of the date of this opinion. The trial court is further ordered to prepare and lodge with this Court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this Court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing. Defendant may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea. In the absence of such an appeal, this court will affirm the conviction.

*Fregia*, 105 So.3d at 1004–05, 1007.

In *State v. Bowie*, 95-795, p. 6-8 (La.App. 3 Cir. 11/13/96), 684 So.2d 68, 72-73, *writ granted*, 96-2987 (La. 1/31/97), 687 So.2d 369, this court recognized as error patent the lack of a legally sufficient factual basis to support Bowie's *Alford* plea and stated:

The trial judge accepted the investigative reports as evidencing a factual basis for the plea without making any inquiry or articulating the findings he deemed significant to adjudge defendant "guilty" of the offense charged. On review, we must find the *Boykin* records do not contain a substantial factual basis to support defendant's plea to negligent homicide as required by *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The State failed to prove beyond a reasonable doubt that the homicide was not committed in self-defense. *State v. Makar,* 578 So.2d 564 (La.App. 3 Cir.1991). We cannot affirm a conviction where proof in the record of an essential element of the crime charged is lacking or the record reasonably reveals facts tending to establish legal justification for the commission of the homicide. The State is entitled to correct this deficiency however, if possible, at an additional *Boykin* hearing. [*State v.*] *Linear,* 600 So.2d 113[(La.App. 2 Cir. 1992)].

Moreover, we cannot say Bowie's "no contest" plea was intelligently and voluntarily entered. *State v. Fletcher,* 624 So.2d 470 (La.App. 2 Cir.1993); *State v. Jordan,* 619 So.2d 648 (La.App. 2 Cir.1993); *Linear,* 600 So.2d 113. A defendant may knowingly, understandingly and voluntarily consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituted a crime. *Alford,* 400 U.S. 25, 91 S.Ct. 160, 27

14

L.Ed.2d 162. An express admission of guilt is not a constitutional requirement for the imposition of criminal penalties, and the fact that a defendant believes he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. *Id.; Linear,* 600 So.2d 113. Although the United States Supreme Court has recognized a defendant need not admit guilt before criminal penalties may be imposed, the Supreme Court also recognized a need for the record to contain "strong evidence of actual guilt," i.e,., a sufficient factual basis to enable the judge to test *whether the plea was intelligently entered. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; *State v. Schexnayder,* 93–1673 (La.App. 3 Cir. 4/20/94); 640 So.2d 426.

Additionally, the trial judge imposed the maximum statutory sentence in this case for defendant's alleged offense. Generally, a maximum sentence is appropriate only for the worst kind of offender and the most egregious violation. Bowie has no prior record; and, at the time of sentencing, he was a university student. As discussed, the record as it stands, strongly suggests that Bowie's conduct, though tragic in result, was not without provocation or imbued with premeditation. The trial judge discounted these mitigating factors finding Bowie's initial act of firing a weapon in the air to ward off the approaching group evidenced his intent to use the weapon. Bowie's ultimate intent or actual use of the firearm, if legally justified, does not "zero out" the mitigating impact of his initial conduct or convert it to an aggravating factor. As mentioned, the use of a firearm in Louisiana is lawful if a person reasonably believes he is in imminent danger of losing his life or receiving great bodily harm and such force is necessary to save him from the danger.

For the reasons expressed, we remand the case to the trial court for further proceedings consistent with this opinion and with instructions that it shall conduct an additional *Boykin* hearing to determine whether a significant factual basis for the plea entered by defendant exists and whether the plea was freely and voluntarily entered as required by the principles articulated in *Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. If at the conclusion of this hearing and after granting the State opportunity to present other evidence, the trial judge finds a legally sufficient factual basis exists to support the charged offense, he is instructed further to re-examine the sentence imposed in this case particularly considering the observation of this court and the Louisiana Sentencing Guidelines, in effect at the time of original sentencing, to determine whether the sentence imposed is appropriate and not excessive.

## DECREE

The district court shall conduct an additional *Boykin* hearing and allow the State opportunity to present other evidence of defendant's guilt at said hearing within 90 days after rendition of this opinion and

within 10 days after the hearing the court shall submit a certified copy of its ruling and a transcript of the hearing for inclusion in the appellate record now lodged with this court. Accordingly, we pretermit full review of the errors assigned by defendant pending remand of the case to the trial court and supplementation of the record.

The supreme court granted writs in *Bowie* and stated the following:

> Writ Granted. The decision of the Third Circuit to remand this case to the district court for further *Boykin* proceedings directed toward insuring the voluntariness of the defendant's no contest plea does not at this time require the exercise of our supervisory authority. The state need not, however, conduct a mini-trial to negate defenses which may reasonably be inferred from the circumstances of the offense but which have not been asserted by the defendant, apart from the plea bargaining process which resulted in a reduction of the charged offense, and which are, in any event, more properly decided at a trial both sides have agreed to forego by resolving their differences in the present plea. *Cf. United States v. Allard,* 926 F.2d 1237, 1242 (1st Cir.1991). The potential strength of the state's case and of any defenses reasonably suggested by the evidence may represent significant factors for the district court to weigh in accepting a proffered guilty plea which does not constitute an express admission of guilt, *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970), but the court does not necessarily commit constitutional error by accepting a guilty plea in a case in which the "evidence before the judge indicate[s] that there [is] a valid defense." *Id.,* 400 U.S. at 31, 91 S.Ct. at 166 (parsing *Lynch v. Overholser,* 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962)). It is enough in this case that the trial court satisfy itself that a factual basis exists for charging the defendant with an unjustified homicide; that the defendant has entered and maintains his no contest plea to the reduced charge; and, that that plea represents a knowing, voluntary and intelligent choice among the alternatives open to him. *Alford, supra; Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*Bowie*, 687 So.2d 369 (per curiam) (alterations in original).

In *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, 742, *writ granted and remanded*, 98-1180 (La. 9/25/98), 726 So.2d 2, a panel of this court set forth the procedure utilized on remand to conduct an evidentiary hearing:

> For the above reasons, we remand this case with instructions that the trial court (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the

16

hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.

Pursuant to *Clark*, this case is remanded for the trial court to conduct an evidentiary hearing within forty-five days of the date of this opinion to allow the State the opportunity to present a sufficient factual basis for the offenses to which Defendant is pleading. The trial court is ordered to determine if a sufficient factual basis exists; if it does not, the trial court must vacate Defendant's plea and sentence. If it finds a significant factual basis exists, the trial court must then determine whether Defendant's plea is knowing, intelligent, and voluntary based upon the circumstances. Within fifteen days of the hearing, the appellate record containing the transcript of the evidentiary hearing is to be re-lodged with this court. Once this record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issue arising from the hearing.

## CONCLUSION

The trial court is instructed to conduct an evidentiary hearing to determine if a sufficient factual basis exists for the guilty plea and if Defendant's plea is knowing, intelligent, and voluntary. The record, including a transcript of the hearing, shall be relodged with this court within fifteen days of the date of the hearing. Both the State and Defendant shall be allowed to file supplemental briefs, should either wish to raise issues arising from the hearing.

**REMANDED WITH INSTRUCTIONS**.

17